GWIN v. SWEETSER et al.

No. 14,857; August 10, 1892.

30 Pac. 778.

**Vendor and Vendee—Quantity of Land Conveyed.**—Where a
contract is made to sell a certain ranch, and the deed executed in pur-
suance thereof conveys all the land that the vendor has pointed out
to the vendee as constituting the ranch, or has proposed to sell to him,
and all that the vendee understood to be included in the agreement
at the time it was executed, the vendee cannot afterward claim that
an adjoining tract belonging to the vendor, and of which another
person had possession under a contract of sale, should have been con-
veyed to him under the agreement as part of the ranch.

APPEAL from Superior Court, Solano County; A. J.
Buckles, Judge.

Action by S. R. Gwin against A. I. Sweetser and others for
specific performance.   Judgment for defendants, and plain-
tiff appeals.   Affirmed.

Horace Hawes for appellant; Geo. A. Lamont and J. M.
Gregory for respondents.

VANCLIEF, C.—On February 11, 1888, a written agree-
ment was executed between the plaintiff and defendants,
whereby the defendants, among other things, agreed to con-
vey to plaintiff, on or before March 15, 1888, a clear title to
"the Andrew Sweetser ranch in Solano county, Cal., said

ranch being situated about one mile northwest of Cordelia,
said ranch consisting of about eight hundred and twenty
(820) acres, the same being the ranch on which the said
Andrew Sweetser now resides.'' On February 28, 1888, the
defendant Andrew I. Sweetser conveyed and delivered to
plaintiff the ranch in Solano county on which he resided, con-
sisting of 810 acres, and known as the ''Andrew Sweetser
Ranch.'' After residing upon that ranch about a year, the
plaintiff claimed to discover, for the first time, that Sweetser
had not conveyed to him all the land described in the agree-
ment, but had intentionally omitted an adjoining tract of
sixty-nine acres, which, he claims, was a part of the Andrew
Sweetser ranch, at the dates of the agreement and the deed
of conveyance. The object of this action is to enforce specific
complete performance of the agreement on the part of the de-
fendants by a decree of the court requiring Sweetser to convey
to plaintiff the adjoining tract of sixty-nine acres. The trial
was by the court and judgment passed for the defendants.
Plaintiff appeals from the judgment and from an order deny-
ing his motion for a new trial.

The principal ground upon which appellant asks a reversal
of the judgment is that the evidence was insufficient to jus-
tify the findings of fact. Upon a careful reading of the
evidence, which occupies seventy-three pages of the transcript,
I think it so plainly and satisfactorily sufficient that no de-
tailed statement of it here is necessary. Plaintiff's testi-
mony shows that he examined the ranch, with the view of
purchasing it, before the agreement was executed, when the
boundaries thereof, as described in the deed, were shown him
by Sweetser; and that the only reason he had for claiming
the additional sixty-nine acres was that, upon examination
of the county records, about a year after the execution of the
deed, he discovered that the record title of the sixty-nine
acres stood in the name of Andrew Sweetser, and hence he
inferred that it must have been a part of the Andrew Sweetser
ranch, named in the agreement, although it had not been
pointed out to him as such by Sweetser before the execution
of that agreement; and he admits that the deed executed to
him by Sweetser describes all the land that Sweetser pointed
out or proposed to sell, and all that plaintiff understood to
be described in the agreement at the time it was executed.

Furthermore, the undisputed evidence on the part of the defendants shows that Sweetser contracted to sell the sixty-nine acres in dispute to one E. W. Hitchins in 1885, and then gave Hitchins possession of the land and a bond for a deed thereof on payment of the purchase money, on or before January 1, 1890, which bond was duly recorded in 1885; and that Hitchins resided upon, improved, and cultivated that tract continuously from 1885 until after February, 1888. It was also proved, and plaintiff admitted, that he had proposed to purchase that tract from Hitchins after the execution of the deed from Sweetser. Finally, the effect of the whole evidence is to prove clearly and satisfactorily that defendants fully performed their part of the written agreement according to its true meaning as understood and intended by both parties. There is nothing in appellant's objections to the admission of evidence offered by respondents requiring special consideration. I think the judgment and order should be affirmed.

We concur: Haynes, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.